(Hamilton County Court of Common Pleas.)

———

WILLIAM H. CAMPBELL, Trustee v. W. G. MINER et al.

———

An assignee has no such interest in a trust as will entitle him to litigate the question of his displacement.

The court of insolvency is clothed with judicial discretion in the matter of the removal of an assignee.

SAYLER, J.

On March 27, 1895, the Commercial Bank of Cincinnati made an assignment for the benefit of creditors, under the statutes of Ohio, to William H. Campbell, and the deed of assignment was duly filed in the court of insolvency of Hamilton county. The assignee qualified and entered into the discharge of his duties.

On April 6, 1895, Campbell resigned as assignee, and thereupon said William H. Campbell and the Union Savings Bank & Trust Co. were duly appointed trustees in place of said Campbell, assignee, resigned. The trustees accepted the appointment, were duly qualified, and entered into the discharge of their trust.

On June 15, 1895, a motion was filed by W. G. Miner, a creditor, in the assignment proceedings, for the removal of Campbell, trustee, and on July 1, 1895, a petition was filed by M. M. Shoemaker, on behalf of himself and other stockholders of the Commercial Bank, therein asking for the removal of Campbell, trustee.

On September 20, 1895, an entry was made in aid proceedings by said court of insolvency as follows:

"This cause coming on to be heard on the application of W. G. Miner, a creditor of said bank, and on petition of M. M. Shoemaker et al, stockholders of said bank, asking for the removal of W. H. Campbell, one of the trustees herein, for the reason therein stated, was submitted to the court on the evidence and the arguments of counsel for the applicants and said Campbell, and it appearing to the court that said Campbell had notice of the filing of said application, and of the time of the hearing of the same, and appeared in person and by counsel, the court finds that the individual and personal interests of said Campbell are adverse to the interest of said Commercial Bank, its creditors, stockholders and of his duties as trustee. It is therefore ordered by the said court that said W. H. Campbell, be, and he is hereby removed from his position as trustee of said Commercial Bank, and his power and authority as such trustee are revoked for the following causes, to-wit: That the individual and personal interests of said W. H. Campbell are adverse to the interest of said Commercial Bank, its creditors, stockholders and to his duties as such trustee; the other reasons for removal having been dismissed without prejudice. And it is further ordered that said W. H. Campbell within five (5) days from the date of this entry, turn over and deliver to the Union Savings Bank and Trust Co., his co-trustee, all property and assets and books and papers in his possession or control as such trustee and as assignee of said Commercial Bank, and the joint trustees are ordered to file their account to the date of said removal within ten (10) days from date of entry thereof. It is also ordered that said W. H. Campbell pay the costs herein taxes at $———. To all and each part of which the said W. H. Campbell excepted, individually and as trustee. Thereupon the said W. H. Campbell gave notice of appeal and the court fixed the amount of the appeal bond at two hundred and fifty ($250) dollars.

A petition in error was filed by William H. Campbell, trustee of the Commercial Bank of Cincinnati, Ohio, in this court against said W. G. Miner and M. M. Shoemaker, on behalf of himself and other stockholders and the Union Savings Bank & Trust Co., trustee, etc., setting up that there was error in said proceedings of the court of insolvency, and asking that they be reversed, etc.

The defendants in error move to dismiss this proceeding in error for the reason that

it is not within the proper jurisdiction of this court.

In the case of Brigel v. Starbuck, 34 Ohio S. 280. the creditors of the assignor proceeded under the act of 1874 (71 Ohio laws, 74), to elect an assignee to succeed to the proceeding assignee.

This act provides that the choice of an assignee made by the creditors "shall be subject to the approval of the court," and it further provides, that such assignee "shall succeed to all the rights and privileges, and be subject to all the duties and liabilities of any preceeding assignee," etc.

The court, finding the election of the assignee by the creditors to be regular, etc., and the election so made being submitted to the court for approval, ordered that "the election and choice of ——————— as assignee of the estate of ——————— so made by said creditors, is hereby approved by the court."

An appeal was taken by one of the creditors of the estate from this order of approval to the common pleas court. This appeal was taken under the act of 1871 (68 Ohio Laws, 57), which provides that an appeal may be taken "from any order, decision, or decree made under 'an act regulating the mode of administering assignments in trust for the benefit of creditors' * * * by any person against whom such order, decision, or decree shall be made, or who may be affected thereby."

On motion the appeal was dismissed by the common pleas court. The district court reversed the judgment of the common pleas. The Supreme Court reversed the action of the district court and affirmed the action of the common pleas.

The Court, Judge Okey, in deciding the case, in the consideration of whether the probate court's approval of the election was an appealable order, says: "The lenguage of the statute, 'any order, decision, or decree' taken literally, would embrace this order. Nor can it be doubted that where the words of a statute are perfectly clear, they are to be adhered to notwithstanding the consequences are such as the legislature had not contemplated, and such as might occasion some inconvenience. In such case there is nothing to construe. But where strict adherence to the mere letter of a remedial statute will manifestly lead to serious inconvenience, interruption and delay in the settlement of an estate, we may some times depart from it; and we are always justified in looking into the whole statute to ascertain in what sense the words were used."

In Moore v. Given, 39 Ohio St. 661, the court, Judge Owen, (Ib. 664), citing from Brigel v. Starbuck, reaffims this doctrine laid down by Judge Okey.

The court, proceeding in Brigel v. Starbuck. says further, (Ib. 288): "And we believe that it may be stated as a general rule, that an order to be appealable, must affect property rights, and not merely the administration of the trust. Here there is no question as to the amount of any creditor's claim, as to the order of liens, as to the property assigned, or as to the costs and expenses of the assignment; but the sole contention is as to the persons who shall administer the assignment. An appeal from such order involves delay, as well as expense, whereas it is the duty of a substituted assignee to proceed immediately to the execution of the trust. We do not think the original assignees had such interest in this trust as to entitle them to litigate the question of their displacement by an appeal to the court of common pleas, nor do we think any creditor could litigate the question in that form. The analogy between such a trust and a public office is slight.'

It seems to me the reasons of the court in Brigel v. Starbuck for holding that an appeal will not lie in such case are applicable to the present case unless their application will be precluded by the statute.

In the Brigel case, by reason of an election by creditors and the approval by the court of an assignee, the preceding assignee was as effectually removed as he could be by the court under the present act. The election of the assignee is made effective by the act or order of the court approving the same.

Under the present statute, section 6339, Revised Statutes, "The court may remove an assignee or trustee specifying in the order the cause of removal."

The order approving the election and the order removing an assignee are equally effective so far as the rights of the preceding assignee are concerned. An appeal from the latter will lead to the same "inconvenience, interruption and delay in the settlement of the estate" as an appeal from the former.

If an appeal could not be taken from the order of removal, could a petition in error be maintained to reverse it?

In the case of Brigel v. Starbuck, the court say: "Whether in such cases, there is any remedy by proceeding in error, or otherwise, we need not determine." Therefore the question is an open one. The statute (Section 6708), provides: "A judgment rendered or final order made by a probate court, justice of the peace, or any other tribunal, board, or officer exercising judicial functions, and inferior in jurisdiction to the ocurt of common pleas, may be reversed, vacated, or modified by the court of common pleas."

And section 6707 provides: "An order affecting a substantial right in an action when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application, in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this title."

The court in Brigel v. Starbuck, say, as above quoted, an assignee has no such interest in the trust as will entitle him to litigate the question of his displacement. If

he has no such interest, then, as it seems to me, an order removing him will not be an order "affecting a substantial right." The order removing the assignee does not, in effect, determine the action or prevent a judgment. There is no question as to the amount of any creditor's claim, or as to the liens or as to the property assigned, or as to the costs; the sole contention is as to the person who shall administer the assignment.

The provisions of the act of 1871 providing for an appeal are broader than the provisions of section 6708, providing for proceedings in error, and if an appeal can not b taken for reasons of public policy, under th act, the language of which is broad enough to embrace the order, proceedings in error should not be maintained under an act, the language of which does not embrace the order, unless by doubtful construction.

The present statute provides that the court of insolvency may remove an assignee or trustee. It prescribes no causes for which such removal may be made. It only provides that the cause of removal shall be specified in the order.

Does not this place the matter of the removal of an assignee or trustee within the judicial discretion of the court? If the court finds a circumstance to exist, and that the same is a cause of removal, and makes an order of removal, specifying the cause, should the court of common pleas interfere with that court in its management of the estate, by permitting proceedings in error to be prosecuted to its order? I think not; unless the right of the removed assignee to prosecute such proceedings is clear under the statute, the right can not be inferred. As said by Judge Okey in the Brigel case: "We do not think the intention to make the order in question applicable is to be inferred in this case." (Ib. 287.)

I am of the opinion that the motion to dismiss the petition in error should be granted.

C. W. Baker, for plaintiff.

C. B. Matthews, W. A. Hicks, C. E. Schell, contra.